AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the
Northern District of New York

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>**JUAN JORGE LUIS DUBON ZULETA,**<br>**a/k/a JUAN DUBON-ZULETA,**<br><br>**Defendant.** | ) | Case No. 8:26-mj-00219(CBF) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of September 18, 2026, in the county of Franklin in the Northern District of New York, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) | The defendant, an alien, after having been removed from the United States, was thereafter found in the United States without having obtained the express consent of the Secretary of the Department of Homeland Security or his successor for the reapplication for admission into the United States. |
| 8 U.S.C. § 1324(a)(1)(A)(ii) | The defendant, knowingly or in reckless disregard of the fact that aliens have come to, entered, or remained in the United States in violation of law, transported or moved such aliens within the United States by means of transportation, in furtherance of such violation of law. |

This criminal complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

Travis Rheinheimer, Special Agent

*Printed name and title*

Attested to be the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: September 21, 2026

*Judge's signature*

City and State: Syracuse, NY

Hon. Carla B. Freedman, U.S. Magistrate Judge

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Travis Rheinheimer, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code.

2. I am currently employed as a Special Agent (SA) with the United States Department of Homeland Security, Homeland Security Investigations (HSI). As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States. I am empowered by law to conduct investigations of, or to make arrests for, federal criminal offenses including but not limited to offenses enumerated in Title 18, United States Code, and violations of the Immigration and Nationality Act (INA).

3. Prior to my tenure as a Special Agent, I graduated from the State University of New York College at Cortland, with a Bachelor of Arts degree in Criminology and a Minor in Law and Justice. I completed a New York State Division of Criminal Justice Services certified regional police academy in Syracuse, New York. I worked as a police officer for the City of Syracuse Police Department for approximately five years. I have also completed a lateral police officer training academy in Charlotte, North Carolina and worked as a police officer for the Charlotte-Mecklenburg Police Department for approximately two years. I have attended various training courses, including but not limited to, courses and/or seminars regarding firearms trafficking, narcotics trafficking, interview and interrogation, crime scene photography, evidence collection, counter-sex trafficking, and others. Throughout my employment as a police officer, I have been involved in numerous types of investigations, including those related to homicides, assaults, burglaries, sex offenses, weapons, narcotics, and crimes involving minors.

4. I completed the Criminal Investigator Training Program (CITP) followed by the Homeland Security Investigations Special Agent Training program (HSISAT) at the Federal Law Enforcement Training Center (FLETC) in December of 2023. During these programs, I received numerous hours of training related to federal rules of evidence, criminal procedure, and federal crimes.

5. I make this affidavit in support of a criminal complaint charging Juan Jorge Luis DUBON ZULETA, aka Juan DUBON-ZULETA and other aliases, with re-entry of removed aliens and transporting aliens within the United States in violation of law, in violation of Title 8, United States Code, Sections 1326 and 1324.

6. The statements contained in this affidavit are based upon my investigation, information provided to me by other law enforcement officers, and on my experience and training as an HSI Special Agent. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. Rather, I have set forth only the facts that I believe are necessary to establish probable cause to believe that DUBON ZULETA has violated Title 8, United States Code, Section 1326, re-entry of removed aliens and Title 8, United States Code, Section 1324, bringing in and harboring certain aliens.

## Probable Cause

7. Through various investigative methods, Homeland Security Investigations (HSI), United States Customs and Border Protection (CBP), and United States Border Patrol (USBP) identified a vehicle suspected of being involved in human smuggling between the United States and Canada. The suspected vehicle is a 2022 Toyota Rav4, white in color, bearing New York registration MAY2131, VIN number JTME6RFV3ND535478, registered to Juan DUBONZULETA. Open-source information shows this address is located over four (4) hours south of the United States/Canada international border in Champlain, NY.

8. Records checks revealed that the vehicle's registered owner, Juan DUBON ZULETA was present

in the United States unlawfully. Additionally, records checks and information obtained by your affiant revealed that DUBON ZULETA was previously removed from the United States.

9. On May 10, 2018, DUBON ZULETA was encountered by USBP near the international border between the United States and Mexico in El Paso, Texas. USBP determined that DUBON ZULETA illegally crossed the international border and did not possess any immigration documents that would allow him to enter or remain in the United States lawfully. DUBON ZULETA was arrested for violations of the Immigration and Nationality Act (INA) Section 212(a)(7)(A)(i)(1), inadequate documentation. On June 25, 2018, DUBON ZULETA was removed from the United States.

10. On Friday, September 18, 2026, CBP Task Force Officer (TFO) Secore, HSI Special Agent (SA) Rheinheimer, and agents with USBP (collectively referred to as "agents") initiated surveillance in the area of Chateaugay, New York. At approximately 2219 HRS, TFO Secore observed the above-mentioned Toyota Rav4 drive through Chateaugay, traveling west on New York State Route 11. The driver was the sole occupant inside the vehicle. Agents surveilled the vehicle from this point until it ultimately turned north on Mary Riley Road, near the town of Fort Covington, New York at approximately 2240 HRS.

11. Mary Riley Road is known to law enforcement as an area frequently utilized for illicit border activity, including human smuggling, due to its proximity to the United States/Canada international border. Areas on Mary Riley Road are located just several hundred feet south of the international border.

12. Agents positioned themselves near the points of egress of Mary Riley Road and continued surveillance. At approximately 2244 HRS, the vehicle was observed traveling back south on Mary Riley Road. Agents maintained continuous surveillance of the vehicle from this point on. The vehicle traveled east and south, ultimately entering the onramp to Interstate 87 South in Plattsburgh, New York. The vehicle continued south on Interstate 87 South. It appeared that the vehicle was departing the area.

13. At approximately 2347 HRS, your affiant and other agents, conducted a traffic stop of the Rav4 on Interstate 87 South, south of exit 36. While approaching the vehicle, your affiant and agents observed two male individuals in the rear seat of the vehicle and no front seat passenger. Your affiant asked the driver of the vehicle, later identified via New York State driver license as Juan Jorge Luis DUBON ZULETA, what he was doing at the border? DUBON ZULETA stated that he was not at the border. DUBON ZULETA stated that the Rav4 he was operating belonged to him. DUBON ZULETA was not in possession of any documentation allowing him to enter, pass through, or remain in the United States lawfully. DUBON ZULETA was detained without incident.

14. The two rear seat passengers, later identified as Oscar Ricardo XAPER MORALES and Leonardo BEN CORTEZ, did not speak any English. XAPER MORALES and BEN CORTEZ were not in possession of any documentation allowing them to enter, pass through, or remain in the United States lawfully. XAPER MORALES and BEN CORTEZ were detained without incident.

15. DUBON ZULETA, XAPER MORALES, and BEN CORTEZ were transported to the Burke Border Patrol station for processing and interviews. DUBON ZULETA, XAPER MORALES, and BEN CORTEZ are citizens of Guatemala and were illegally present in the United States.

16. DUBON ZULETA, XAPER MORALES, and BEN CORTEZ were all interviewed separately. Both XAPER MORALES and BEN CORTEZ admitted to illegally crossing the United States/Canada international border on foot. Both XAPER MORALES and BEN CORTEZ also stated that they each paid an individual in Canada to coordinate and assist them with illegally crossing the international border. Additionally, both XAPER MORALES and BEN CORTEZ stated that DUBON ZULETA picked them up when they arrived in the United States. XAPER MORALES and BEN CORTEZ had never met DUBON ZULETA in person prior to this event. XAPER MORALES and BEN CORTEZ knew to contact DUBON ZULETA, because the individual in Canada coordinating the smuggling event, provided DUBON ZULETA's phone number.

17. XAPER MORALES stated that he contacted DUBON ZULETA via phone prior to crossing the international border. Furthermore, XAPER MORALES stated that he paid DUBON ZULETA via a bank transfer from a Guatemalan account for DUBON ZULETA's role in the illegal international border crossing event.

Click here to enter text.

XAPER MORALES stated he made this payment to DUBON ZULETA prior to illegally crossing the international border. XAPER MORALES showed your affiant a photo on his cellular phone that appears to show a wire transfer to DUBON ZULETA.

**Conclusion**

18. Based upon the above information, there is probable cause to establish that DUBON ZULETA violated Title 8, United States Code, Section 1326, re-entry of removed aliens and Title 8, United States Code, Section 1324, bringing in and harboring certain aliens. DUBON ZULETA did, knowingly or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transported or moved such alien within the United States by means of transportation, in furtherance of such violation of law. Your affiant requests that a criminal complaint be issued pursuant to these violations of federal law.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

Travis Rheinheimer
Special Agent
Homeland Security Investigations

I, the Honorable Carla B. Freedman, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on September 21, 2026, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Carla B. Freedman
United States Magistrate Judge